The Sentence Review Board wishes to thank Michael Birkland for representing himself in this matter.

**STATE OF MONTANA,**
                    Plaintiff,                                    **NO. CR 93-36**

            **vs.**                                                    **DECISION**

**RUSSELL WADE BALLEW,**
            **Defendant.**

On February 15, 1994, the defendant was sentenced for the crime of Count I, Felony Sexual Assault; Count II, Felony Sexual Assault and Count III, Aggravated Promotion of Prostitution, a felony, the Defendant was sentenced to twelve (12) years at Montana State Prison upon each count, said sentences to be served consecutively, for a total of thirty-six (36) years. Provided, however, that the last four (4) years of each sentence is suspended under the terms and conditions set forth in the February 15, 1994 Judgment. The defendant is ineligible for parole and participation in the supervised release program for a period of six (6) years. The defendant shall be given credit for the days he has been in confinement since July 3, 1993. The defendant shall make restitution according to the February 15, 1994 Judgment. The defendant shall be permitted to enroll in and participate in any alcohol or chemical dependency education and counseling programs available at said prison in addition to the sexual offender program, provided he complies with all the rules and regulations thereof.

On May 6, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present appeared pro se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to withdraw his application for sentence review because he is seeking post-conviction relief.

IT IS HEREBY ORDERED that the matter is dismissed without prejudice and the defendant will be allowed to refile his application at a later time.

DATED this 6th day of May, 1994.

**Hon. John Warner, Acting Chairman, Hon. Ted Lympus, Member, and Hon. Ted Mizner, Acting Member.**